# In the Matter of the Petition of FREDERICK STONE, Guardian of JOHANNES D. STARKE.

By the 5th sec. of the act of 1831, ch. 315, the orphans court may direct a
guardian to invest the money of his ward in stock yielding six per cent. on
the face of the bonds, though the same may be selling for so much above
par as not to nett six per cent. per annum on the amount invested.

APPEAL from the orphans court of Charles county.

In this case a petition was filed by the guardian stating,
that he had received the sum of $200, part of the proceeds
of certain real estate belonging to his ward, which had been
sold by a decree of Charles county court as a court of equity,
under the act of 1816, ch. 154, and praying the said orphans
court to pass an order directing him in what manner to invest
the same. The petition also suggested that the State stock
was selling for so much above par as not to nett six per cent.
per annum on the amount invested. The court being of opi-
nion, that they had, under the law, discretion to direct the
guardian to invest the said proceeds of sale in any permanent
funds which yield *six per cent. per annum,* less the State tax-
es, upon the face of the stock or bonds, and that they are not
restricted to direct such an investment in such stock or funds
as yield six *per cent. per annum* upon the amount of the
money invested, passed an order directing the investment to
be made in State of Maryland six *per cent.* stock, being of
opinion that such stock was the best investment for said
money, though it was selling for seven or eight *per cent.* above

par, said stock paying *six per cent.* on the face of the bonds. From this order the guardian appealed.

The fifth section of the act of 1816, ch. 154, enacts, "That the proceeds of the sales made by and in virtue of this law, shall be paid over by the trustee or trustees to the guardian or guardians of such infant or infants, to be by such guardian or guardians invested in such public stock or other permanent funds as will at least nett *six per centum per annum*, at the time of the purchase, and as the orphans court of the county by whom such guardian or guardians shall have been appointed shall direct."

The fifth section of the act of 1831, ch. 315, enacts, "that the orphans court of the several counties of this State be, and they are hereby authorised and empowered in their discretion, and whenever to them it shall seem proper, to order any executor or administrator, to whom they may have granted letters testamentary or of administration, or any guardian whom they may have appointed, or whose bond they may have approved of, if it be a natural or testamentary guardian, to bring into court, or place in bank, or invest in bank or other incorporated stock, or in any other good security any money or funds received by such executor, administrator or guardian, and the court shall direct the manner and form in which such money or funds shall be placed in bank or invested as aforesaid, and the same shall, at all times, be subject to the order and control of such court, and if such executor, administrator or guardian shall not, within a reasonable time, to be fixed by the court, comply with the order of the court, the letters testamentary or of administration granted to such executor, or administrator, or the guardianship as the case may be, may be revoked by the court."

The cause was submitted without argument, by *Worthington* for the appellant, to the court.   LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

LE GRAND, C. J., delivered the opinion of the court.

We concur with the orphans court in the direction which

they gave in this case. Whatever doubts there might be in regard to the construction of the fifth section of the act of 1816, chapter 154, there can be none as to the meaning of the fifth section of the act of 1831, chapter 315, which we regard as fully authorising the passage of the order appealed from.

*Order affirmed.*